1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  SHAYON ASCARIE, et al.,                    No.  C 12-01572 JSW

10           Plaintiffs,                      **ORDER DENYING REQUEST TO
                                              VACATE DISMISSAL**

11     v.                                     **(Docket No. 85)**

12  NATIONWIDE MUTUAL INSURANCE
    COMPANY,

13
             Defendant.
14
   _____/
15

16         On July 17, 2013, the Court received a letter from Plaintiff Mahmoud Ascarie ("Dr.

17  Ascarie"), who is proceeding *pro se*, which the Court construed as a motion to vacate the

18  dismissal entered in this case on May 17, 2013.  The Court has considered all of the papers the

19  parties have submitted in support of their position on this request, relevant legal authority, and

20  the record in this case, and it finds the matter suitable for disposition without oral argument. *See*

21  N.D. Civ. L.R. 7-1(b).

22         The parties voluntarily dismissed this case pursuant to Federal Rule of Civil Procedure

23  41(a)(1)(A)(ii).  (Docket No. 86.)  Dr. Ascarie is the only plaintiff who now seeks to vacate the

24  dismissal.  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required,

25  the parties are left as though no action had been brought, the defendant can't complain, and the

26  district court lacks jurisdiction to do anything about it." *Commercial Space Management v.

27  Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999); *but see Kalt v. Hunter*, 66 F.3d 1002,

28  1004 (9th Cir. 1995) (noting that some courts have held that a voluntary dismissal is an order,

1   judgment or proceeding from which relief under Federal Rule of Civil Procedure 60(b) can be

2   granted).  Accordingly, the Court DENIES Dr. Ascarie's request to vacate the dismissal on this

3   basis.

4        To the extent the Court would have jurisdiction to consider the request pursuant to

5   Federal Rule of Civil Procedure 60(b), the Court also concludes that the request should be

6   denied.  Rule 60(b)(6) permits a court to grant relief from a judgment "for any other reason that

7   justifies relief."  A Rule 60(b) motion must be made within a "reasonable time."  Rule 60(c)(1).

8   Dr. Ascarie has not set forth facts showing "extraordinary circumstances" that would warrant

9   relief under Rule 60(b)(6).  *See Pioneer Investment Services Co. v. Brunswick Associates Ltd.*

10  *Partnership*, 507 U.S. 380, 393 (1993); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d

11  1047, 1049 (9th Cir. 1993).  Accordingly, the Court also DENIES the request on that basis.

12       The only other provision of Rule 60(b) that might apply to this case is Rule 60(b)(3)

13  permits a court to vacate an order based on "fraud (whether previously called intrinsic or

14  extrinsic), misrepresentation, or misconduct by an opposing party."  The Court concludes that

15  he has not met his burden to show that the stipulation of dismissal was procured by fraud or by

16  misrepresentation by Defendant's counsel or that the alleged fraud precluded him from "fully

17  and fairly presenting his case" against Defendant.  *See Keys v. Dunbar*, 405 F.2d 955, 957-58

18  (9th Cir. 1969).   Accordingly, the Court DENIES the request on that basis as well.

19       Defendant has requested that the Court award attorneys' fees, pursuant to Federal Rule

20  of Civil Procedure 11.  Defendant has not complied with Rule 11(c)(2), and its request is denied

21  on that basis.  Further, the Court declines to issue an Order to Show Cause to Dr. Ascarie to

22  show cause why sanctions should be imposed under Rule 11.  The Court also, in the exercise of

23  its discretion, declines to grant the request for attorneys' fees as part of its inherent powers.

24       **IT IS SO ORDERED.**

25  Dated: September 23, 2013

26                                            _____
                                             JEFFREY J. WHITE
27                                           UNITED STATES DISTRICT JUDGE

28

**United States District Court**
For the Northern District of California

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ASCARIE ET AL et al,

        Plaintiff,

  v.

NATIONWIDE MUTUAL INSURANCE
COMPANY et al,

        Defendant.

                          /

Case Number: CV12-01572 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sharon Ascarie
Mahmoud Ascarie
Michael Ascarie
1000 Empey Way
San Jose, CA 95128

Shadi Ascarie
12236 NE 131 St. Way
Apt. B302
Kirkland, WA 98034

Dated: September 23, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28